Buchwald, J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/11
```

SBO PICTURES, INC.            )
9040 Eton Avenue              )
Canoga Park, CA 91304         )
                              )
        Plaintiff,            )
                              )
    v.                        ) Civil Action No. 1:11-cv-08006-NRB
                              )
DOES 1 – 95                   )
                              )
        Defendants.           )

### [PROPOSED] ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Having considered Plaintiff's Amended Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and it appearing to the Court that there is good cause to grant the relief requested therein based upon Plaintiff's necessity to serve subpoenas upon Internet Service Providers to ascertain the identity of the Defendants in this case, it is:

**ORDERED** that Plaintiff's Motion is **GRANTED** to the extent provided below:

**ORDERED** that the Plaintiff is allowed to conduct immediate discovery on the Internet Service Providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify each Doe defendant, including name, current and permanent address, ~~telephone number~~ MAC, e-mail address, and Media Access Control (MAC) Address.

1

**ORDERED** that the Plaintiff may serve a Rule 45 subpoena also upon any intermediary Internet Service Provider that may be identified in response to a subpoena as providing internet services to one or more of the Doe defendants.

**ORDERED** that if and when an Internet Service Provider is served with a subpoena, the Provider shall give written notice, which may include e-mail notice, to any affected subscribers, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court.

**ORDERED** that if the Internet Service Provider and/or any Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service.

**ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> ***
>> "(2) A cable operator may disclose such information if the disclosure is—
>> ***
>>> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

**ORDERED** that the Internet Service Provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED That the plaintiff shall reimburse all Internet Service Providers who respond to this subpoena for the cost incurred for each IP address look-up, including notifying the relevant subscribers, and it is further

3

**ORDERED** that Plaintiff shall provide each subpoenaed Internet Service provider with a copy of this Order.

**SO ORDERED** this 7th day of December, 2011.

_____
United States District Judge